IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GREGORY P. ADAMS,<br><br>          Plaintiff,<br><br>     v.<br><br>BEST WESTERN INTERNATIONAL, INC., and LAWRENCE M. CUCULIC,<br><br>          Defendants. | 8:24CV102<br><br>MEMORANDUM<br>AND ORDER |

      On June 3, 2025, plaintiff Gregory P. Adams ("Adams") moved for partial summary judgment (Filing No. 75) as to liability on Count Three of his Amended Complaint (Filing No. 11). *See* Fed. R. Civ. P. 56(a) (authorizing such motions). Count Three asserts a claim against defendant Best Western International, Inc. ("Best Western") for unlawful retaliation in violation of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*. He argues no genuine disputes of material fact remain with respect to that issue and he "is entitled to judgment on the foregoing as a matter of law." *See id.* § 2615(a)(2).

      On June 9, 2025, Best Western and defendant Lawrence M. Cuculic (together, the "defendants") filed an "Expedited Motion to Defer Considering or to Deny Plaintiff's Motion for Summary Judgment on Count Three" (Filing No. 83). *See* Fed. R. Civ. P. 56(d) (discussing the Court's options "when facts are unavailable to the nonmovant"). Asserting Best Western had not had adequate time for discovery, the defendants contended Adams's motion was "wholly premature."

      Adams opposed the defendants' motion (Filing No. 87). In his view, they "fail[ed] to satisfy the threshold requirements of Rule 56(d), which demands specificity, diligence, and materiality." He urged the Court to deny their motion "outright."

On June 18, 2025, the magistrate judge[1] heard argument on the motion in conjunction with a telephone conference on case progression (Filing No. 88). In support of delay, the defendants argued (1) discovery was not only ongoing but was also in its infancy and (2) it would be much more efficient for the defendants and the Court to address Adams's motion on a full record at the same time they addressed any other dispositive motions. In response, Adams asserted the FMLA retaliation claim was distinct from the rest of the case and could be resolved without further discovery—though he was prepared to be deposed at any time. Admitting that a quick partial summary judgment was not the usual course, Adams stated he was entitled to have that claim adjudicated—which would give him comfort during the long process of litigating the rest of this dispute.

The magistrate judge tried to account for the parties' different perspectives and strike a balance between efficiency and Adams's desire to move forward with his retaliation claim against Best Western. He granted the defendants' motion in part and extended the deadline to respond to Adams's motion for partial summary judgment to October 15, 2025, to allow the parties to complete discovery. He explained an extension would let Best Western prepare a more-effective response and aid the Court in deciding Adams's motion. The defendants unsurprisingly applaud the magistrate judge's "well-reasoned, thoughtful decision" for its consistency "with his central mandate of securing 'the just, speedy, and inexpensive determination of every action and proceeding'" as established by Federal Rule of Civil Procedure 1 (Filing No. 94).

Unmoved by the magistrate judge's efforts at compromise and judicial efficiency, Adams objects to his decision to extend Best Western's response deadline (Filing No. 91). *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); NECivR 72.2(a). As he sees it, "the order is clearly erroneous and contrary to law because (1) Defendant failed to meet the

---

[1] The Honorable Michael D. Nelson, United States Magistrate Judge for the District of Nebraska.

evidentiary prerequisites for Rule 56(d) relief; (2) the order is inconsistent with governing procedural rules and local practice; and (3) the extended delay imposes undue and prejudicial harm on Plaintiff." In particular (Filing No. 92), he asserts Best Western has not shown necessity under Rule 56(d) or identified "outstanding discovery that would justify a response period of this length." As for prejudice, he cites "a significant and avoidable delay" that results in "the sort of manifest injustice Rule 72(a) exists to correct." In his view, the delay in adjudicating one of his claims "imposes concrete and compounding harms on [Adams] in three distinct respects, including professional harm, economic prejudice, and personal and statutory harm." Adams's arguments all miss the mark.

Having carefully reviewed the parties' respective submissions, the audio recording of the hearing, and the balance of the record in this case, the Court finds sufficient grounds to grant the defendants' motion to defer under Rule 56(d) and sees no good reason to stray from the magistrate judge's well-reasoned decision in this case. His balanced approach and cogent determination that it was more efficient to allow the parties to complete discovery and litigate Adams's motion on a full record along with any other dispositive motions were neither clearly erroneous nor contrary to law as Adams suggests. *See White Motor Corp. v. Malone*, 599 F.2d 283, 286 n.5 (8th Cir. 1979) (explaining "[j]udicial efficiency and economy of time and effort are hardly promoted by" piecemeal litigation). In these circumstances, the Court firmly rejects Adams's contention that a relatively short delay in resolving one part of one of his claims to allow for a complete record and to promote judicial efficiency creates a manifest injustice for him.

Based on the foregoing,

IT IS ORDERED:
1. Plaintiff Gregory P. Adams's Rule 72(a) Objection (Filing No. 91) is overruled.

2. The magistrate judge's June 18, 2025, order (Filing No. 90) granting in part and denying in part defendants Best Western International, Inc., and Lawrence M. Cuculic's "Expedited Motion to Defer Considering or to Deny Plaintiff's Motion for Summary Judgment on Count Three" (Filing No. 83) is affirmed.

2. Best Western shall respond to Adams's motion for partial summary judgment on or before October 15, 2025.

3. Adams shall then have fourteen days to file any reply.

Dated this 17th day of July 2025.

                      BY THE COURT:

                      Robert F. Rossiter, Jr.
                      Chief United States District Judge