IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

GREGORY P. ADAMS,

            **Plaintiff,**

vs.

BEST WESTERN INTERNATIONAL, INC., and LAWRENCE M. CUCULIC,

            **Defendants.**

8:24CV102

ORDER

      This matter comes before the Court following a telephone conference held with counsel for the parties on December 5, 2025, regarding several ongoing discovery disputes. The parties apprised the undersigned magistrate judge's chambers of outstanding written discovery disputes by email on November 14, 2025, (Attached as Exhibits 1-3 to this Order), which was the motion to compel written discovery deadline set in the operative progression order, (Filing No. 117). After reviewing the parties' email positions and supporting attachments regarding their disputes, on November 17, 2025, the undersigned magistrate judge provided counsel with "guidance and inclination on his rulings" as to the raised disputes by email (Exhibit 4).

      On November 19, 2025, defense counsel requested a telephone conference with the undersigned magistrate judge to further discuss the disputes. In advance of the conference, the parties submitted additional position statements. (Exhibits 5-6). The discovery dispute conference was held before the undersigned magistrate judge on December 5, 2025, and after hearing arguments, the undersigned magistrate judge took the matter under advisement. (Filing No. 122; Filing No. 123). After consideration of the parties' arguments, the Court provides the following rulings regarding the parties' disputes:

1. With respect to Defendants' request to conduct a forensic examination of Plaintiff's cell phone(s), the Court finds that Plaintiff, through counsel, has satisfied his obligation to respond to Defendants' requests for production of responsive text messages, and that a forensic examination or further efforts are not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1); *Peterson v. City of Minot*, No. 1:16-CV-271, 2018 WL 5045194, at *6 (D.N.D. Oct. 17, 2018) ("The cases applying Rule 34 make clear that a party who is dissatisfied with Rule 34 discovery responses and seeks a forensic

examination of a particular electronic device must (1) offer something more than suspicion that the device contains material that is relevant, and (2) that the forensic examination is proportional to the needs of the case in light of the factors set forth in Fed. R. Civ. P. 26(b)(1), including the additional costs and burdens imposed by such an examination.") (citing *Tingle v. Herbert*, Civ. No. 15-626, 2018 WL 1726667, at **6-8 (M.D. La. April 10, 2018) (denying a request for forensic examination of a cell phone and email accounts because it was based only on skepticism that discoverable information had not been produced, was lacking in proportionality, and failed to address the inherent privacy concerns)).

2. With respect to Defendants' requests for transcripts of Plaintiff's "communications" as it pertains to Plaintiff's use of AI software, chatbots, or other AI tools, the Court finds that Plaintiff, through counsel, has satisfied his obligation to respond to Defendants' requests for production of "communications," and that additional efforts are not proportional to the needs of the case.

3. With respect to Plaintiff's requests for Defendant Best Western International Inc.'s (BWI) executive severance policies and related documents, the Court finds that BWI shall produce the Executive Severance Policy and any amendments in effect from 2021-2024. Plaintiff's additional requests are not proportional to the needs of the case.

4. With respect to Plaintiff's requests for Defendants' internal investigation materials and privilege log, the Court finds that Defendants shall produce an updated privilege log to include the Bates stamped documents as discussed during the December 5, 2025, discovery dispute conference, on or before December 24, 2025. The Court adopts the parties' agreed upon presumptive privilege date of December 4, 2023; however, Defendants shall include in the privilege log any documents they may offer in support of an affirmative defense.

5. Any remaining written discovery disputes brought to the attention of the Court are resolved in accordance with the guidance provided on November 17, 2025. The deadline for written discovery has expired. The parties shall comply with the remaining deadlines set forth in the Trial Setting Order. (Filing No. 102).

6. For purposes of filing Objections to Magistrate Judge's Orders under NECivR 72.2(a), any party must do so within 14-days of this Order.

Dated this 10th day of December, 2025.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge