IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

GREGORY P. ADAMS,

              Plaintiff,

    v.

BEST WESTERN INTERNATIONAL, INC.
and LAWRENCE M. CUCULIC,

              Defendants.

**8:24CV102**


**ORDER**

This matter is before the Court on plaintiff Gregory P. Adams's ("Adams") Motion to Disregard Defendants' Unauthorized Factual Reply, or in the Alternative, for Leave to File a Limited Surreply (Filing No. 172). Defendants Best Western International, Inc. and Lawrence M. Cuculic (together, "defendants") oppose the motion (Filing No. 175), arguing Adams's blended response (Filing No. 162) to their statement of undisputed material facts (Filing No. 135) required them to file a second reply (Filing No. 166) to address his new factual assertions. They do not say why they did not seek leave first.

Without a hint of irony, Adams appears to attack an "unauthorized factual reply" with an "unauthorized motion." Adams does not specify a statutory or procedural basis for his motion beyond asserting that the defendants' second reply is not authorized under Nebraska Civil Rules 7.1 and 56.1(c). Yet—as Adams acknowledges—Rule 56.1(e) states that a party opposing summary judgment (like him) "shall not file a motion to strike based on alleged noncompliance with this rule." To be sure, Adams creatively styles his motion as one to "disregard" and dubiously disclaims any effort to strike Filing No. 166—proposing "the proper relief here is to disregard [it] to the extent it is unauthorized or exceeds a proper reply."

But the Court sees little practical difference between a motion to strike and the proposed motion to disregard. It is hard to fit the purported distinction into Rule 56.1(e),

which leaves it to the Court to ensure compliance with Rule 56.1 and provide relief as it "deems appropriate." To honor the text and spirit of Rule 56.1 and to keep the proverbial goose and gander on equal footing, the Court will not consider any additional facts or arguments that fall outside the proper scope of Rule 56.1 in deciding the defendants' summary-judgment motion whether those materials came from Adams or the defendants.

Based on the foregoing, plaintiff Gregory P. Adams's Motion to Disregard Defendants' Unauthorized Factual Reply, or in the Alternative, for Leave to File a Limited Surreply (Filing No. 172) is denied.

IT IS SO ORDERED.

Dated this 14th day of May 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge

2